UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Sally Swanstrom,

Plaintiff,

v.

**STIPULATION TO AMEND COMPLAINT** AND ORDER

Liberty Mutual Insurance Company,

Defendants.

Court File No. 01-2299 DSD/SRN

---

It is hereby stipulated by the undersigned on behalf of the parties hereto that the amended complaint in the above-entitled action is amended to reflect the changes contained in the second amended complaint attached as Exhibit A. It is further stipulated by the undersigned that the answers heretofore served on Plaintiffs shall be deemed to be an answer to the second amended complaint. Any new matters alleged in the second amended complaint shall be deemed to be denied unless admitted or otherwise alleged by Defendant hereafter in a subsequent pleading.

Dated: 3/19/02

NICHOLS KASTER & ANDERSON PLLP

James H. Kaster #53946
Diane M. Odeen #284142
4644 IDS Center
Minneapolis, MN 55402
(612) 338-1919
ATTORNEYS FOR PLAINTIFFS

APR 25 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Dated: 4/19/02

JACKSON LEWIS SCHNITZLER & KRUPMAN

Thomas E. Marshall #155597

150 5th Street Towers, Suite 2800
150 South 5th Street
Minneapolis, MN 55402
(612) 359-1773
ATTORNEY FOR DEFENDANT

**ORDER**

**It is so ordered.**

Date: April 25, 2002

Hon. Susan R. Nelson
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Sally Swanstrom,

Plaintiff,

v.

**AMENDED COMPLAINT**
(JURY TRIAL DEMANDED)

Liberty Mutual Insurance Company,

Defendants.

Court File No.

---

Plaintiff by her attorneys, Nichols Kaster & Anderson, PLLP, states the following as her claims against Defendant:

**JURISDICTION AND VENUE**

1. This court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under Title 28, U.S.C., § 1331, this action being brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiff also asserts claims under the Minnesota Human Rights Act, Minnesota Statutes § 363.01 et seq., for which jurisdiction is based on the doctrine of supplemental jurisdiction.

2. Venue is proper under 28 U.S.C. § 1391 because the unlawful practices described herein have been committed in the District of Minnesota, and the employment records relevant to these practices are, on information and belief, maintained and administered at the offices of Defendants in the District of Minnesota.

**PARTIES**

3. Plaintiff Sally Swanstrom ("Swanstrom") is an individual residing at 5814 Vincent Avenue South, Minneapolis, Minnesota 55410.

4. Defendant Liberty Mutual Insurance Company ("Liberty") is a property and casualty insurance corporation, doing business at 701 Xenia Avenue South, Minneapolis, Minnesota 55416.

## FACTUAL ALLEGATIONS

5. Swanstrom began working for Liberty as a sales associate on March 29, 1999, earning a base salary of $32,000. In May 2000 she was promoted to an account representative and began earning commissions in addition to her base salary.

6. Shortly after beginning her employment with Liberty, Swanstrom began experiencing degrading, offensive, and sexually explicit comments, behavior, and treatment from Liberty staff and management, which included:

a. Being told to dress less conservatively;

b. Being told that she should have sex with other sales representatives in the office;

c. Implying that she was out getting drunk and picking up men on the weekends;

d. Being asked to give a male sales representative a rub down;

e. Enduring comments about installing hidden cameras in her apartment so she and her female roommates could "make out" for the other employees;

f. Being asked how much it would take to get her to strip, suggesting she could strip during lunch for extra money;

g. Being told she should put her hands in a male employee's pockets since she did not have any in the particular pair of pants she was wearing;

h. Being told at a manager's meeting that she could only attend an upcoming golf outing if she wore a bikini and drove the beer cart.

7. When Swanstrom attempted to complain that the male employees' behavior, such as staring at her chest, bothered her, a male sales representative responded that she did have "nice tits."

8. At a meeting attended by sales representatives and management, Swanstrom was sexually assaulted by means of a non-consensual grabbing of her buttocks. This occurred in an open and conspicuous area and Liberty knew and should have known about the conduct.

9. In June 2001, Swanstrom was asked to find a prospective customer to join the top management team for dinner. Swanstrom did so, obtaining an acceptance by a major potential customer, whose business had substantial economic consequences for Swanstrom. After successfully soliciting this client to come to dinner, however, Swanstrom was told she could not attend the dinner because there were too many people coming, although the customer would be allowed to attend. Swanstrom was instructed to lie to the customer about her inability to attend. Later, Regional Sales Manager Bilancia told her the real reason she was not invited to the dinner was because she was a woman.

10. Several of the incidents of harassment occurred in the presence of or were perpetrated by Liberty management. Numerous joking comments were made by management and employees about Liberty's potential liability for the harassment. On one occasion, Regional Sales Manager Bilancia covered his ears and said that he could not hear the sexually harassing comments being made to Swanstrom.

11. Swanstrom complained about the sexually harassing behavior to management and co-workers on numerous occasions. Many of her complaints were ignored and on several occasions Swanstrom was ridiculed for making the complaints. On one occasion, Swanstrom complained about the harassment to a male sales representative, who responded by saying she was a "fucking

bitch." At the same time, a manager walked by, heard the conversation, laughed, then walked away when Swanstrom attempted to talk to him.

12. Despite Swanstrom's complaints, and despite management knowledge of the sexual harassment, Liberty failed to take timely and appropriate action to remedy the situation of ongoing sexual harassment.

13. Swanstrom filed a charge of discrimination with the Equal Employment Opportunity Commission on August 6, 2001. She requested a Notice of Right to Sue on October 23, 2001. Swanstrom received a Notice of Right to Sue on October 26, 2001. Swanstrom received an Amended Notice of Right to Sue on March 18, 2002.

**COUNT I**

**SEX DISCRIMINATION – TITLE VII**

14. By reference hereto, Plaintiff incorporates paragraphs 1 through 13 of her complaint.

15. Plaintiff and Defendant herein named are employee and employer respectively for purposes of the definition set forth in 42 U.S.C. § 2000e et seq.

16. 42 U.S.C. § 2000e-2 provides that it is unlawful for an employer "because of...sex...to discriminate against any individual with respect to compensation, terms, conditions, facilities or privileges of employment."

17. Defendant's conduct violated 42 U.S.C. § 2000e et seq.

18. As a result of defendant's violations of 42 U.S.C. § 2000e et seq., Plaintiff has suffered past and present mental anguish, emotional distress, humiliation, embarrassment, loss of reputation and other pain and suffering in an amount in excess of $75,000.00.

19. As a result thereof, Plaintiff is entitled to her costs, disbursements and attorney's fees incurred herein.

**COUNT II**

**SEX DISCRIMINATION -- MINNESOTA HUMAN RIGHTS ACT**

20. By reference hereto, Plaintiff incorporates paragraphs 1 through 19 of her complaint.

21. Plaintiff and Defendant herein named are employee and employer respectively for purposes of the definition set forth in Minn. Stat. §363.01, subd. 16 and 17.

22. Minn. Stat. §363.03 Subd.1(2) provides that it is unlawful for an employer "because of sex...to discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities or privileges of employment."

23. Sex discrimination under Minn.Stat. § 363.03 includes sexual harassment as defined by Minn.Stat. § 363.01(41).

24. Minn.Stat. § 363.01(41) states:

> Sexual harassment includes unwelcome sexual advances, requests for sexual favors, sexually motivated physical contact or other communication of a sexual nature when. . . that conduct or communication has the purpose or effect of substantially interfering with an individual's employment . . . or creating an intimidating, hostile or offensive employment . . . environment. . . .

25. Defendant's conduct described herein, including the acts of sexual harassment, constitutes sex discrimination in violation of Minn. Stat. §363.03.

26. As a result of Defendant's violations of Minn. Stat. §363.03, Plaintiff has suffered past and present mental anguish, emotional distress, humiliation, embarrassment, loss of reputation and other damages in an amount in excess of $75,000.00.

27. As a result thereof, Plaintiff is entitled to her costs, disbursements and attorney's fees incurred herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for a jury trial and the following relief:

1) For compensatory damages arising from mental anguish, emotional distress, humiliation, embarrassment, and other pain and suffering, in an amount in excess of $75,000;

2) For all damages permitted under Title VII of the Civil Rights Act of 1991, 42 U.S.C. §2000e, et seq., and Minn. Stat. §363.01 et seq.;

3) For treble damages as provided by the Minnesota Human Rights Act;

4) For punitive damages as allowed by law;

5) For attorney fees, costs, and disbursements;

6) For such other relief as the Court deems just.

DATED:

NICHOLS KASTER & ANDERSON, PLLP

By___________________________________
James H. Kaster #53946
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-1919
ATTORNEY FOR PLAINTIFF