**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Sally Swanstrom,**

**Plaintiff,**

**v.**

**Liberty Mutual Insurance Co.,**

**Defendant.**

**Civil No. 01-2299 (DSD/SRN)**

**ORDER**

---

James H. Kaster, Esq., on behalf of Plaintiff

Thomas E. Marshall, Esq., on behalf of Defendant

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter came before the undersigned United States Magistrate Judge on the parties' request for an *in camera* review of disputed emails. This matter has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

On November 4, 2002, this Court granted Plaintiff's Motion to Compel Discovery (Doc. No. 16). One part of Plaintiff's motion to compel was the following:

> Requests # 1-5: All e-mails *received or sent* by Timothy Greifenkamp, Daniel Bilancia, Bradley Reed, Joseph Weligman, and Gerry Ball from any e-mail account maintained by Defendant from January 1, 1999 on.

(Emphasis added).

Finding that the requested emails were relevant, in part, because the emails requested were only



APR 07 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

those sent by or received by perpetrators of the alleged harassment or those to whom Plaintiff complained about the alleged harassment, this Court granted Plaintiff's motion to compel requests no. 1-5. Swanstrom v. Liberty Mutual Insurance Co., Civ. No. 01-2299, Order at 13-14 (D. Minn. Nov. 4, 2002). ("Plaintiff is requesting emails sent or received only from the persons she has alleged harassed her or from the persons to whom she complained about the harassment."). The only limitation this Court placed on requests no. 1-5 was that the time period of the request was to "be narrowed to between March 29, 1999 and the present." Id. at 14.

Apparently, Defendant allowed Plaintiff to inspect four boxes of emails. Plaintiff inspected the emails and identified certain emails that she wanted to copy. Then, Defendant objected to a number of the emails that Plaintiff wanted to copy. Defendant argues that many of the emails that Plaintiff wants to copy are not relevant, were not sent or received by Timothy Greifenkamp, Daniel Bilancia, Bradley Reed, Joseph Weligman, or Gerry Ball, and that certain emails are outside the time limitation. It appears that Defendant believes that in order for the emails to fall within this Court's Order the emails must have been sent by one of the named individuals *and* received by one of the named individuals. There is simply no support for this argument in either the request that this Court granted or this Court's order.

The Court has reviewed the emails and concludes that all of the emails in question must be produced with the exception of those emails marked with Bates No. LM 1181 through 1185. The emails marked with Bates No. LM 1181 through 1185 were sent prior to March 29, 1999. All other emails, those with Bates No. LM 1100 through 1180, must be produced because they were either sent by or received by Timothy Greifenkamp, Daniel Bilancia, Bradley Reed, Joseph Weligman, or Gerry Ball.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Defendant must produce those emails marked with Bates No. LM 1100 through 1180.

Dated: April 7, 2003

SUSAN RICHARD NELSON
United States Magistrate Judge